

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PALO VERDE TRADING CO., L.L.C. | * | CIVIL ACTION 04-0095 |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| | * | SECT. T MAG. 5 |
| OLDE TOWNE BUSINESS PARK, L.L.C. | * | |
| CENTRAL PROGRESSIVE BANK | * | MAGISTRATE |
| AND MAR A LAGO, LTD. | * | |
| | * | |

*******************************************

### COMPLAINT TO CONFIRM TAX SALE

TO:   THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

The petition of Palo Verde Trading Co., L.L.C., a limited liability company organized under the laws of the State of Arizona, respectfully avers:

I.

**JURISDICTION AND VENUE**

Plaintiff is a foreign limited liability company domiciled in the State of Arizona with no

Page 1

office or employees in the State of Louisiana. The value of the property in question exceeds Seventy-Five Thousand Dollars. Furthermore, the property which is the subject of this suit is located in the Eastern District of Louisiana, and the defendants are domiciled in this district; hence complete diversity exists between all parties.

II.

**PARTIES**

Defendant, OLDE TOWNE BUSINESS PARK, L.L.C., is a limited liability company organized under the Laws of the State of Louisiana with a domicile address in the Parish of St. Tammany, State of Louisiana.

Defendant, MAR A LAGO, LTD, a business corporation initially organized under the laws of the State of Louisiana, and domiciled in the Parish of Covington, whose corporate charter was revoked on August 18, 1998.

Defendant, CENTRAL PROGRESSIVE BANK, a Louisiana banking corporation domiciled in the Parish of St. Tammany, State of Louisiana

Complainant, PALO VERDE TRADING CO. L.L.C., is a limited liability company organized under the laws of the State of Arizona.

III.

Plaintiff is the owner of a certain piece of immovable property located the Parish of St. Tammany, Louisiana which property is more particularly described as follows:

**Lots 21 and 22 of Square 3, Pine Crest Subdivision**

All as more fully described on the attached Exhibit "B" which is made part hereof for all

purposes

IV.

Petitioner deraigns its title as follows:

1) Petitioner, acquired the property described above from, Elizabeth Ann Keyes and Olde Towne, L.L.C, at a tax sale conducted by the Sheriff for the Parish of St. Tammany, in the City of Covington, at the St. Tammany Parish Courthouse, beginning at 10:00 o'clock a.m. on June 7, 2000, for unpaid 1999 ad valorem real estate taxes bearing against the property described above, which tax sale deed was dated June 7, 2000 and filed for record on the same date in the conveyance records of the Clerk of Court for the Parish of St. Tammany at CIN 1202569, all as more fully set forth on the attached exhibit "A" which is incorporated herein for all purposes.

2) Defendant, Olde Towne Business Park, L.L.C., acquired the property from Olde Towne, L.L.C., by Dation en Paiement, dated May 2, 2000, recorded at CIN 1196290 for a stated price of $244,554.94, all as more fully set forth on the attached exhibit "B."

3) Olde Towne, L.L.C.,acquired the property from Elizabeth Ann Keyes, by act of Sale with Mortgage Subject to Mortgage, dated May 13, 1999, recorded at CIN 1148190, all as more fully set forth on the attached exhibit "C."

V.

The subject property has not been redeemed nor has any suit been filed to annul the tax sale in question prior to the institution of this proceeding.

VII.

Petitioner hereby gives notice to the said defendants that it is the owner of the

aforementioned property by virtue of the aforementioned tax sale and that the title thereto shall be confirmed in these proceedings unless proceedings to annul the aforementioned tax sale are instituted by the said defendant within six months from the date of service of this complaint and citation on said defendant, and therefore petitioner pleads the expiration of the three year redemptive period pursuant to La R.S. 47:2228, and Article 7, Section 25 of the Louisiana Constitution of 1974, and desires to have the title to the subject property confirmed and quieted in accordance with law.

VIII.

Plaintiff further prays for reformation of the description of said tax deed to contain the full description of the property as set forth above.

IX.

Also made defendant in these proceedings is MAR A LAGO, LTD, a Louisiana business corporation whose corporate charter was revoked on August 18, 1998. The property described above was mortgaged by an ancestor in title to defendant, Olde Towne Business Park, L.L.C., on October 14, 1994, by act of Collateral Mortgage in the amount of $200,000.00, recorded at MIN 927106 which mortgage may currently be held by Mar A Lago, Ltd. since by Act of Release dated March 10, 1997, it asserted it was the holder of the said collateral mortgage.

Complainant urges that said mortgage should be ordered canceled by virtue of the fact that:

1) Mar a Lago, Ltd. was not reasonably ascertainable by the Sheriff for the Parish of St. Tammany since its charter had been revoked as of the date of the tax sale;

2) Mar a Lago, Ltd was not reasonably ascertainable since its ownership interest in the

above described collateral mortgage note was not disclosed in the normal fashion i.e. an assignment of note and mortgage

3) Mar a Lago, Ltd was not reasonably ascertainable since its address was not listed on the document, "Act of Release," or any other mortgage instrument relating to the property which is the subject of this suit.

4) The Act of Release signed by Mar a Lago, Ltd operates to release its debtors from any liability under the hand note, collateral mortgage note and collateral mortgage thereby nullifying its ostensible mortgage.

X.

Central Progressive Bank, a Louisiana banking corporation, may be the holder of a certain collateral mortgage note dated December 30, 1997 as well as a collateral mortgage of even date recorded at MIN 1077815 in the amount of $200,000.00 payable to the order of "bearer." Since Central Progressive Bank did not indicate its identity as holder of the collateral mortgage note, but merely appeared in the said act of collateral mortgage to accept said mortgage for the benefit of any future holder.

**WHEREFORE**, PALO VERDE TRADING CO., L.L.C. prays that service and citation issue in accordance with law and the practices of this Honorable Court; that defendants, OLDE TOWNE BUSINESS PARK, L.L.C., be ordered to appear and to answer each and singularly the allegations contained herein; that after due proceedings be had, that there be judgment in favor of PALO VERDE TRADING CO., L.L.C. and against OLDE TOWNE BUSINESS PARK, L.L.C., CENTRAL PROGRESSIVE BANK and MAR A LAGO, LTD quieting and confirming its title to the property described above and that the defendants, OLDE TOWNE BUSINESS PARK,

L.L.C., CENTRAL PROGRESSIVE BANK and MAR A LAGO, LTD be enjoined and forever prohibited from setting up any right, title or interest to the property described above; and for reformation of the description of said tax deed to contain the full description of the property and for cancellation of the mortgage inscriptions described above.

JOHN DAVIDSON & ASSOCIATES

JOHN A. E. DAVIDSON #4710
Attorney at Law
2901 Independence Street
Metairie, LA 70006
Telephone: (504) 455-3832

STATE OF LOUISIANA
PARISH OF ST. TAMMANY
OFFICE OF SHERIFF & EX-OFFICIO TAX COLLECTOR
SHERIFF'S ACT OF SALE

FROM:    KEYES, ELIZABETH ANN
         C/O OLDE TOWNE LLC (NO)
         P.O. BOX 82724
         BATON ROUGE, LA 70884

TO:      PALO VERDE TRADING CO. LLC
         P.O. BOX 14387
         SCOTTSDALE, AZ. 85267-4387

BE IT KNOWN, that I, Rodney J. Strain, Jr., Sheriff and Ex-Officio Tax Collector of the Parish aforesaid, by virtue of the authority vested in me by the Constitution and Laws the State of Louisiana, and especially having been assessed with the property hereinafter described for the year 1999
and the taxes thereon, having become delinquent on the 31st day of December of said year, I made out and mailed to said
KEYES, ELIZABETH ANN
(owner), by Certified letter, a notice in conformity with said Laws of the State and the said Owner, failing to pay the amount of taxes, interest, costs, etc., due by him as shown by the said assessment rolls of said year; I have caused to be seized and advertised for sale in the St. Tammany Farmer in the manner prescribed as required by law, weekly newspaper published in the town of Covington it being the official journal of the parish of St. Tammany. Said advertisement appearing on it's issues on
MAY 4TH, 2000
and the     JUNE 1ST, 2000
of the following described property, viz:

LOTS 21 22 SQ 3 PINECREST CB 1106 221 CB 1337 497
INST NO 905735 INST
NO 958180 INST NO 1023595 INST NO 1040783

All of the said property situated in Ward No. 24
in the Parish of St. Tammany. The amount of taxes, interest and costs due on said property by said owner is the following amounts, viz:
Assessment No              1240517720.00

Total Taxes:                              1,822.50
Interest:                                   109.35
Costs of Notice & Writ:                      37.00
Costs of Advertisement:                      27.50
Cost of Recording Deed and
Tax Collector's Recording Fee:               83.00
TOTAL:                                    2,079.35

And I, the said Rodney J. Strain, Jr., Sheriff and Ex-Officio Tax Collector as aforesaid, in accordance with law and the terms of said advertisement, at the principal front door of the Court House of the Parish of St. Tammany on the      JUNE 7TH, 2000
it being the day for said sale named in advertisement, and after complying with all other legal formalities, did offer for sale the least quantity of the above described property that any bidder would buy for no less than
100.00
percent and all taxes, interest and costs, when
PALO VERDE TRADING CO. LLC

bidding the amount of the taxes, interest and costs, it being the sum of
2,079.35
dollars which amount the said Purchaser paid to me in cash, the receipt whereof is hereby acknowledged, the said property was adjudicated to said Purchaser.

NOW THEREFORE, I Rodney J. Strain, Jr., Sheriff and Ex-Officio Tax Collector as aforesaid, under and by virtue of the authority vested in me as aforesaid and under and by virtue of the law of the State of Louisiana, and for the consideration of the taxes, interests, and costs, as set forth, do hereby grant, bargain, sell, transfer, assign, set over and deliver a full and complete title in the name of the Parish of St. Tammany unto said Purchaser, his heirs and assigns, all and singular the above described property and all the right, title, and interest which the said Owner has or had in same, with the right of the Purchaser to be put in actual possession of said property by order of any Court of competent jurisdiction. It, however, being understood and stipulated that in conformity with the said act and under the terms and conditions therein expressed the owner of said property may redeem the same at any time within three years from the date of filing this deed for record in the Conveyance Office of the Parish of St. Tammany by complying with the provisions of the said Law of the State of Louisiana.

In witness whereof, I have hereunto subscribed my name officially at my office, City of Covington, Parish of St. Tammany, and in the presence of Debra Lee and Lynell Robinson two competent witnesses, who sign these presents with me, and said Sheriff and Ex-Officio Tax Collector, on this
JUNE 7TH, 2000

WITNESSES:                    _Rodney J. Strain_
_Debra Lee_                   Sheriff & Ex-Officio Tax Collector
_Lynell Robinson_

                              St. Tammany Parish
                              Instrmnt #: 1202569
                              Registry #: 979472 CVS
                              06/26/2000 3:00:00 PM
                              MB   CB X MI   UCC

Palo Verde v. Old Town Bus. Park

Exhibit "A"

DATION EN PAIEMENT                UNITED STATES OF AMERICA

BY: OLDE TOWNE, L.L.C.            PARISH OF St. Tammany

TO: OLDE TOWNE BUSINESS PARK, L.L.C.   STATE OF LOUISIANA

BE IT KNOWN, that on the hereinafter stated date, before the undersigned Notary Public, duly commissioned and qualified, in and for the aforesaid Parish and State, and in the presence of the undersigned witnesses:

PERSONALLY CAME AND APPEARED:

OLDE TOWNE, L.L.C., a Louisiana Limited Liability Company, domiciled in the Parish of Jefferson, State of Louisiana, represented herein by its Managing Member, Deborah Gale Jones Mobley, she being duly authorized by the Article of Organization of said Olde Towne, L.L.C.

who declared and acknowledged to me, Notary, that appearer is justly and truly indebted unto OLDE TOWNE BUSINESS PARK, L.L.C., as assignee of Elizabeth Ann Keyes, in the full sum of Two Hundred Twenty-three Thousand Eight Hundred Seventy-nine and No/100 ($223,879.00) Dollars, represented by note in the original sum of Two Hundred Forty-four Thousand Five Hundred Fifty-four and 94/100 ($244,554.94) Dollars, dated May 13, 1999, due monthly, payable to the order of ELIZABETH ANN KEYES at P.O. Box 681, Slidell, LA 70459, with interest at the rate of Eight and 75/100 (8.75%) per cent per annum, from date until paid, which said note was secured by an Act of Sale With Mortgage Subject to Mortgage dated May 13, 1999 passed before Donald A. Bazer, Jr., Notary Public, for the Parish of East Baton Rouge, State of Louisiana, and recorded as Instrument No. 1148190, of the records of the Parish of St. Tammany; that wishing to be released from the said indebtedness and to reimburse the said Olde Towne Business Park, L.L.C. and Elizabeth Ann Keyes for the indebtedness due and owing as hereinabove stated, and being unable to pay the said note in principal and interest, and availing itself of the provisions of Articles 2655 to 2659, inclusive, of the Revised Civil Code of the State of Louisiana, appearer does hereby make unto the said Olde Towne Business Park, L.L.C., as assignee of Elizabeth Ann Keyes, a dation en paiement, by hereby transferring, conveying, delivering, granting, assigning and setting over unto the said OLDE TOWNE BUSINESS PARK, L.L.C., represented by Elizabeth Ann Keyes its Managing Member, herein present and accepting, all and singular, the following described property located in the Parish of St. Tammany, State of Louisiana, to-wit:

> ALL THAT CERTAIN PARCEL OF LAND, together with all the buildings and improvements thereon and all the rights, ways, privileges' servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, being situated in that part of the Parish of St. Tammany, State of Louisiana known as PINE CREST SUBDIVISION, in the 9th Ward, City of Slidell, St. Tammany Parish, Louisiana, and being LOTS 21 AND 22 of SQUARE 3, PINE CREST SUBDIVISION, better described as follows, to-wit:
>
> Commencing on the North East corner of Codifer Street and Third Street, continuing along the North Boundary of Third Street in a Northeasterly direction 400 feet to a point of

Palo Verde v. Old Town Bus. Park

Exhibit "B"

beginning; thence go in a Northwesterly direction along the boundary line of Lot 22 and 23, 238 feet to a point; thence go in a Northerly direction 80 feet along the rear of Lots 21 and 22 to a point; thence go in a Southeasterly direction 255 feet along the boundary line of Lots 20 and 21 to a point on the North side of Third Street; thence continue in a Southerly direction 100 feet along the North Boundary of Third Street to the point of beginning. All in accordance with a survey by Ivan M. Borgen, C.E., dated January 30, 1976, Survey Number 5758. According to a survey by Albert A. Lovell & Assoc., Inc., dated November 29, 1979, said property has the same location, designation and measurements except that said survey shows an actual depth of 239.28 feet on the sideline nearer Codifer Street.

NO TITLE WORK WAS REQUESTED OF AND NONE PERFORMED BY THE UNDERSIGNED NOTARY PUBLIC.

Olde Towne Business Park, L.L.C. hereby acknowledges and recognizes that this transfer and dation en paiement is in an "AS IS, WHERE IS" condition and accordingly relieves and releases Olde Towne, L.L.C. from any and all claims for any vices or defects in said property, whether obvious or latent, known or unknown, easily discoverable or hidden, and particularly for any claim or cause of action for redhibition pursuant to Louisiana Civil Code Articles 2520, et. seq., or for diminution of purchase price pursuant to Louisiana Civil Code Articles 2541, et. seq. Olde Towne Business Park, L.L.C. acknowledges it understands that Louisiana redhibition laws enable it to hold Olde Towne, L.L.C. responsible for any obvious or hidden defects in the property existing date of this dation en paiement, and that it is waiving that right.

TO HAVE AND TO HOLD said property as herein described unto the said Olde Towne Business Park, L.L.C., its heirs and assigns forever, with full and general warranty of title, free from any lien, mortgage or encumbrance whatsoever, and with full subrogation to all the rights and actions of warranty which he has or may have against all preceding owners or vendors.

This transfer and conveyance of said property by the said is made and accepted for and in consideration of the indebtedness aforesaid and is received by the said Olde Towne Business Park, L.L.C. in full acquittance and discharge by the said Olde Towne Business Park, L.L.C. to the said Olde Towne, L.L.C. of the indebtedness in the amount aforesaid.

The said indebtedness is represented by the note hereinabove described, there being no credits on either principal or interest, except as hereinabove set forth.

The said Olde Towne Business Park, L.L.C., thereupon delivered to me, Notary, as fully paid, cancelled and acquitted, the above described note in the sum of $244,554.94, dated May 13, 1999, and declared that the said note having been paid in full, it as the last holder thereof does grant a full and complete release of the mortgage securing the payment of the said note, and does hereby authorize and direct the Recorder of Mortgages of the Parish of St. Tammany, State of Louisiana, to cancel and erase entirely from his records the inscription of said mortgage, recorded as Instrument No. 1148190, and I, said Notary, having cancelled the signature and notarial paraph on the said note, and have annexed the same hereto for reference

The said Olde Towne, L.L.C. and Olde Towne Business Park, L.L.C. hereby declare that each is satisfied with the condition of the property being transferred herein and each hereby releases and relieves the other from any cost or liability based upon the condition of the property herein transferred or arising from moving, remodeling or restoring the buildings and fixtures thereon. And now intervene Deborah Gale Jones Mobley and Elizabeth Ann Keyes individually for the purpose of acknowledging and ratifying this paragraph and declaring that each does hereby mutually relieve and release the other, individually, from any such cost or liability based upon the condition of the property herein transferred or arising from moving, remodeling or restoring the buildings and fixtures thereon. This paragraph is to be construed as a complete release of each party by the others for any and all costs and liability associated with the herein transferred property, regardless of the nature or cause of said cost or liability and regardless of the date said cost or liability may have been incurred.

The certificate of mortgages required by Article 3364 of the revised Civil Code for the State of Louisiana is dispensed with by the parties who exonerate me, Notary, for non-production thereof.

THUS DONE AND PASSED, in my office in _Slidell_, Louisiana, on the ____ day of _____, 2000 in the presence of the under signed competent witnesses, who hereunto sign their names with the said appearers and me, Notary, after reading of the whole.

WITNESSES:

OLDE TOWNE, L.L.C.

BY: DEBORAH GALE JONES MOBLEY

OLDE TOWNE BUSINESS PARK, L.L.C.

BY: ELIZABETH ANN KEYES,
MANAGING MEMBER

DEBORAH GALE JONES MOBLEY,
INTERVENOR

ELIZABETH ANN KEYES,
INTERVENOR

NOTARY PUBLIC

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

## ACT OF SALE WITH MORTGAGE
## SUBJECT TO MORTGAGE

**BE IT KNOWN,** That on this 13th day of May, 1999, before me, a Notary Public for the Parish of East Baton Rouge, Louisiana, and in the presence of the subscribing witnesses, personally came and appeared:

ELIZABETH ANN KEYES, born Keyes, a person of the full age of majority and a resident of and domiciled in the Parish of St Tammany, who declared that she has been married but once and then to Andre Mark Rog, from whom she was divorced by Judgment of Divorce dated August 11, 1995, rendered in Proceeding No. 95-10532 of the 22nd Judicial District Court, St. Tammany Parish, Louisiana, and that she has not since remarried;

herein called **SELLER**, whose permanent mailing address is declared to be P.O. Box 681, Slidell, LA 70459, who further declared that for the consideration and upon the terms expressed below SELLER does hereby sell and deliver with full warranty of title, and with subrogation to all rights and actions of warranty SELLER may have, unto:

OLDE TOWNE, L.L.C, a Louisiana Limited Liability Company, domiciled in the Parish of Jefferson, State of Louisiana, represented herein by its duly authorized Agent, Deborah Gale Jones Mobley;

herein called **BUYER**, and whose permanent mailing address is declared to be P.O. Box 82724, Baton Rouge, Louisiana 70884, the following described property, the possession and delivery of which BUYER acknowledges:

SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE

Municipal Number  2767 Sgt. Alfred Drive, Slidell, LA  70458

Buyer hereby acknowledges and recognizes that this sale is in an "AS IS" condition, and accordingly, hereby relieve and release Seller from any and all claims for any vices or defects in said property, whether obvious or latent, known or unknown, easily discoverable or hidden, and particularly for any claim or cause of action for redhibition pursuant to Louisiana Civil Code Articles 2520, et seq., or for diminution of purchase price pursuant to Louisiana Civil Code Articles 2451, et seq  Buyer acknowledges they understand that Louisiana redhibition law enables them to hold Seller responsible for any obvious or hidden defects in the property existing on the act of sale date, and that they are waiving that right.

Seller has informed Buyer that three of the buildings on the property herein conveyed are currently leased to existing tenants. Buyer accepts property as leased, and Seller hereby assigns and transfers to Buyer all rights to accept rents from the existing tenants effective immediately  Seller further certifies to Buyer that she has made no agreements with any of the existing tenants that would allow any tenant to remain on the property after May 31, 1999, without paying rents directly to Buyer. Seller further agrees that should the foregoing representation be inaccurate and any tenant have the right to remain on the premises beyond May 31, 1999, without payment of rent, Seller shall pay the required rents to Buyer.

**THIS SALE IS MADE AND ACCEPTED** for and in consideration of the price and sum of TWO HUNDRED FIFTY THOUSAND AND NO/100 ($250,000 00) DOLLARS, of which amount the sum of Five Thousand Four Hundred Forty Five and 06/100 ($5,445.06) Dollars, cash, has been paid to the seller, receipt of which is hereby acknowledged, the remainder of which, namely the sum of TWO HUNDRED FORTY FOUR THOUSAND FIVE HUNDRED FIFTY FOUR AND 94/100 ($244,554.94) DOLLARS, the buyer has executed their one certain promissory note date this date, payable to the order of Elizabeth Ann Keyes at P.O. Box 681, Slidell, LA  70459 in the sum of Two Hundred Forty Four Thousand Five Hundred Fifty Four and 94/100 ($244,554.94) Dollars in 11 regular monthly installments of Two Thousand Three Hundred Twenty and 17/100 ($2,320.17) Dollars, the first of said installments being due and payable on May 15, 1999, and one installment being due and payable on the 15th day of each succeeding month

ST. REG #   885,954
Inst #   1148190
FILED ST. TAMMANY PAR
05/18/199908:30:00AM  =1=
[illegible]  MOB___  MI___

Palo Verde v. Old Town Bus. Park

Exhibit "C"

thereafter until all are paid, together with interest on the unpaid principal balance at a rate of Eight and 75/100 (8.75%) per cent per annum from date until paid, with the balance of principal and interest due hereunder, being fully due and payable on or before the 15th day of April, 2000;

This sale is made subject to an existing collateral mortgage dated December 30, 1997, securing a collateral mortgage note in the original amount of $200,000.00, payable to the order of Bearer, said collateral mortgage being recorded in the official records of St. Tammany Parish, Louisiana, as Instrument Number 1077815. Buyer takes cognizance of but does not assume any responsibility for payment of said collateral mortgage, SELLER hereby obligating itself to continue servicing said collateral mortgage and payoff same out of the Balloon Payment due hereunder.

Purchaser is cognizant of the fact that the above described mortgage is further secured by a collateral mortgage dated January 23, 1998, encumbering property designated as Lot 25, Park Place Subdivision, St Tammany Parish, Louisiana. Said collateral mortgage being in the amount of $40,000.00 due on demand at Central Progressive Bank of Amite and being on file and of record at MOB X, Instrument Number 1079561 of the official records of St. Tammany Parish, Louisiana.

The note paraphed for identification with this act further provides that, if it should be placed in the hands of an attorney for collection, by suit or otherwise, the maker will pay attorney's fees fixed at 25% of the amount due or in suit.

Said note was paraphed "Ne Varietur" by me, Notary, for identification herewith, and **SELLER** acknowledges its receipt.

In order to secure the full and final payment of the unpaid purchase price, represented as aforesaid, together with all costs, including attorney's fees, **BUYER** grants and **SELLER** retains a special mortgage with vendor's lien and privilege on the property sold in favor of **SELLER** and any future holder of the note, or any part thereof, until the note shall have been fully satisfied. The property conveyed shall not be sold, alienated or encumbered to the prejudice of this mortgage. If any part of this note shall not be punctually paid according to its tenor, the property may be seized and sold under executory process issued by any court of competent jurisdiction, without appraisement, to the highest bidder, payable in cash; **BUYER** expressly dispenses with appraisement, and confesses judgment in favor of any holder of the note for its full amount with interest and costs, including attorney's fees, and all other amounts secured hereby.

**BUYER** shall pay all taxes assessed and all liens which may be asserted by governmental authorities against the property mortgaged before they become delinquent and keep the buildings and improvements on it, or which may be placed on it, constantly insured against loss by fire and such other casualties as are covered by the Louisiana Standard Insurance Extended Coverage in an amount equal to the unpaid balance on the note unless otherwise noted herein, in solvent insurance companies, and deliver the policies and renewals of such insurance to the holder of the note. If **BUYER** fails to do so, holder is authorized (but not obligated) to pay the taxes or liens, and cause such insurance to be effected, at **BUYER'S** expense. The holder of said note shall become subrogated to all the rights and privileges of the governmental authorities to which taxes or liens were due, and all sums so expended in paying taxes, liens, fees or insurance, shall bear interest at the rate of ten (10%) percent per annum from date of disbursement and be further secured by this mortgage to the additional amount of fifteen (15%) percent of the original amount of the note

If **BUYER** shall become insolvent, or apply to a bankruptcy court to be adjudged a voluntary bankrupt, or proceedings be instituted to have **BUYER** adjudged an involuntary bankrupt or proceedings be taken against **BUYER** looking to the appointment of a receiver or syndic, or any proceedings be instituted for the seizure or sale of the property herein mortgaged by judicial process, or in case **BUYER** should fail to pay the note, or any sum secured by this mortgage, or any part thereof, or the interest thereon, or said taxes, promptly when due, or to effect and keep in force insurance, or to transfer and deliver the policies, as herein provided, then, and in any of said events, all the indebtedness shall ipso facto, and without any demand or putting in default, become immediately due and exigible.

All parties signing the within instrument either as parties or as witnesses, have declared themselves to be of full legal capacity.

SELLER has paid his prorata share of the taxes on said property for the current year.

The word "NOTE" as used above includes the several notes, if more than one is referred to, and that term includes all indebtedness secured hereby, including principal, interest, attorney's fees, and costs.

All agreements and stipulations herein contained, and all the obligations herein assumed shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective parties hereto. The **BUYER**, his heirs and assigns shall have and hold the property described in full ownership forever.

The certificate of mortgages required by Article 3364 of the revised Civil Code of Louisiana is dispensed with by the parties hereto. All taxes assessed against the property herein conveyed have been paid.

**THUS DONE, READ AND SIGNED** at Baton Rouge, Louisiana, on the date above written, in the presence of me, Notary, and the undersigned competent witnesses.

**WITNESSES:**

_____         _____
                                        **ELIZABETH ANN KEYES**
                                        (SS#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)

                                        **OLDE TOWNE, L.L.C.**
_____         _____
                                        **DEBORAH GALE JONES MOBLEY**
                                        (TIN#_____)


_____
Notary Public
**DONALD A. BAZER, JR.**

### EXHIBIT "A"

ALL THAT CERTAIN PARCEL OF LAND, together with all the buildings and improvements thereon and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, being situated in that part of the Parish known as Pine Crest Subdivision, in the 9th Ward, City of Slidell, St. Tammany Parish, Louisiana, and being LOTS 21 AND 22 of SQUARE 3, PINE CREST SUBDIVISION, better described as follows, to-wit:

Commencing on the North East corner of Codifer Street and Third Street, continuing along the North boundary of Third Street in a Northeasterly direction 400 feet to a point of beginning; thence go in a Northwesterly direction along the boundary line of Lot 22 and 23, 238 feet to a point; thence go in a Northerly direction 80 feet along the rear of Lots 21 and 22 to a point; thence go in a Southeasterly direction 255 feet along the boundary line of Lots 20 and 21 to a point on the North side of Third Street; thence continue in a Southerly direction 10) feet along the North boundary line of Third Street to the point of beginning. All in accordance with a survey by Ivan M. Borgen, C.E., dated January 30, 1976, Survey Number 5758. According to a survey by Albert A. Lovell & Assoc., Inc., dated November 29, 1979, said property has the same location, designation and measurements except that said survey shown an actual depth of 239.28 feet on the sideline nearer Codifer Street.

1